Starr Russia Invs. III B.V. v Deloitte Touche Tohmatsu Ltd. (2020 NY Slip Op 04012)





Starr Russia Invs. III B.V. v Deloitte Touche Tohmatsu Ltd.


2020 NY Slip Op 04012


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Oing, Singh, JJ.


652251/17 11855NA 11855N

[*1] Starr Russia Investments III B.V., Plaintiff-Respondent,
v
Deloitte Touche Tohmatsu Limited, et al., Defendants, Deloitte LLP, et al., Defendants-Appellants.


Kramer Levin Naftalis & Frankel LLP, New York (Michael J. Dell of counsel), for appellants.
Boies Schiller Flexner LLP, New York (Nicholas A. Gravante, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about October 24, 2019, which, inter alia, granted plaintiff's motion to compel discovery from defendants Deloitte LLP, Deloitte CIS Limited, and Deloitte CIS Holdings Limited (the UK Deloitte defendants), unanimously reversed, on the law, with costs, and the motion denied. Appeal from order, same court and Justice, entered December 19, 2019, which, inter alia, denied the UK Deloitte defendants' motion to renew, unanimously dismissed, without costs, as academic.
On the prior appeal, we determined that the court had personal jurisdiction over defendant ZAO Deloitte & Touche CIS (ZAO) under CPLR 302(a)(2) (see 169 AD3d 421, 422 [1st Dept 2019]). However, we also determined that plaintiffs had not adequately alleged that the UK Deloitte defendants exercised domination over ZAO with respect to the alleged fraudulent inducement of plaintiff's 2008 investment and therefore found that jurisdiction had not yet been established over the UK Deloitte defendants as to that claim.
Nevertheless, this Court concluded that plaintiff sufficiently demonstrated that there were facts that might give rise to alter ego jurisdiction so that jurisdictional discovery as to the UK Deloitte defendants was warranted.
Consequently, plaintiff sought all documents showing the UK Deloitte defendants' control over ZAO. However, defendants objected. We agree with defendants that plaintiff is only entitled to documents showing their control over ZAO "with respect to the claim that plaintiff did not exercise its exit option after 2010 based on misrepresentations" (id.). Accordingly, the UK Deloitte defendants appropriately limited their production to documents from November 26, 2010 that are related to plaintiff's decision to maintain its investment in Investment Trade Bank (ITB) and ZAO's audits of ITB's financial statements.
Similarly, because we found jurisdiction over ZAO based on CPLR 302(a)(2) and potential alter ego jurisdiction over the UK Deloitte defendants, plaintiff is not entitled to [*2]documents about their international revenue and marketing, which would only be relevant if it were trying to assert personal jurisdiction over them pursuant to CPLR 302(a)(3)(ii).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK